UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ARANGO EDILBERTO, )
)
Petitioner, )
)
v. ) Case No. CV 306-49
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER

Petitioner Edilberto, an inmate at McRae Correctional Facility, brings this pro se habeas petition pursuant to 28 U.S.C. §2241. Petitioner's case is now before this Court for initial screening. The Magistrate Judge recommends that the instant petition be dismissed for lack of jurisdiction because Petitioner has failed to exhaust his administrative remedies. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which no objection has been filed.

Prisoners seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). In the current case, Petitioner has failed to exhaust administrative remedies available to him through McRae Correctional Facility's grievance procedure. Although Petitioner has alleged that the grievance procedure would be futile, he has failed to explain why administrative review would prove futile or that his case involves extraordinary circumstances. Jaimes v. U.S., 168 Fed.Appx. 356, 359 (11th Cir. 2006).

The exhaustion requirement in § 2241 cases is jurisdictional, so this Court must dismiss Petitioner's case for failure to exhaust his administrative remedies. See id. (stating "where a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional"). Because this Court has no jurisdiction, this Court declines to consider the merits of Petitioner's underlying claim.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's case is **DISMISSED** for lack of jurisdiction because Petitioner failed to exhaust his administrative remedies. Although Petitioner also moved this Court to proceed in forma pauperis ("IFP") in his complaint, Petitioner then paid the filing fee. Therefore, to the extent that Petitioner moves for IFP status, **IT IS FURTHER ORDERED** that Plaintiff's motion to proceed IFP is **DENIED** as moot. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2006